UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUN 13 2013

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LINDA A. MILLER, M.D., | \* | CIV. 12-4138 |
| Plaintiff, | \* | |
| | \* | ORDER |
| v. | \* | |
| HURON REGIONAL MEDICAL CENTER, INC.; CY B. HAATVEDT, M.D., as a Member of its Executive Committee and Individually; and MICHAEL N. BECKER, M.D., as a Member of its Executive Committee and Individually, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Plaintiff Miller's Motion to Produce.[1]

## BACKGROUND

In February, 2011, Huron Regional Medical Center (HRMC) asked its insurance carrier to secure an independent medical records review of Dr. Miller's care of a patient. The insurance company selected a surgeon to perform the records review. The identity of the reviewer is unknown to HRMC. The independent medical review occurred. A letter summarizing the independent medical review was sent to HRMC by the insurance carrier. The underlying report itself authored by the surgeon who conducted the independent records review was not provided to HRMC. Instead

---

[1] Docs. 21 & 22. The dispute addressed by Doc. 21 has been resolved by the parties themselves. Doc. 21 will be denied as moot.

the insurance carrier summarized the conclusion of the independent medical review saying "the patient received good care that was well within the standard of care."[2]

Miller found a pancreatic lesion in the patient while performing a surgical procedure on the patient. Miller biopsied the pancreas during the surgical procedure without closing the patient to obtain a CT to confirm the lesion needed to be biopsied. The independent medical reviewer concluded that doing the biopsy without CT confirmation was a matter of medical judgment. Some surgeons would do as Miller did. Others would have preferred to close the patient to obtain a CT before doing the biopsy.

Miller has been provided the insurance company's letter summarizing the reviewing surgeon's report. Miller wants the report itself authored by the surgeon who performed the medical review of the records of Miller's patient. HRMC opposes Miller's motion because (1) it is not the appropriate method to obtain documents from a non-party; (2) it addresses a document protected by the physician peer review privilege established by SDCL § 36-4-26.1; and (3) the independent medical review is not relevant to claims and defenses in this lawsuit.[3]

## DISCUSSION

Miller asserts defendants reduced her surgical privileges and terminated her, and made reports about her to the National Practitioner Data Bank.[4] One of two scenarios necessarily must exist: either this patient's incident (1) was or (2) was not used to justify defendants' conduct or (1) was or (2) was not reported to the National Practitioner Data Bank.

---

[2]Doc. 27-6.

[3]Doc. 23, p. 1.

[4]Doc. 27, p. 2, filed under seal pursuant to a Protective, Order Doc. 18.

2

If this patient's incident was not used to justify defendants' conduct and was not reported to the National Practitioner Data Bank, then neither the summary letter from the insurance company nor the underlying independent medical records review is relevant to the lawsuit.

But if this incident was used either to justify defendants' conduct or was reported to the National Practitioner Data Bank, then Miller is entitled to see the underlying report which was summarized by the insurance company letter. Denying her that right would be to deny her the right to cross examine the person whose report was the reason for the act which was adverse to her. She is entitled to cross examine the surgeon who conducted the medical records review to determine whether defendants used a report which was not adverse to her to make a decision which was adverse to her.

Defendants Haatvedt and Becker have asserted "In regard to Paragraphs 16 through 44 of Plaintiff's Complaint, these Defendants are unable to admit or deny these allegations because the information, and subject matter, is potentially protected and privileged pursuant to the Health Care Quality Improvement Act, 42 U.S.C. §11101, et seq., and S.D.C.L. §36-4-26.1 and, therefore, remit Plaintiff to her strict proof thereof with regard to all factual allegations and legal claims."[5] Defendant HRMC made a similar assertion: "HRMC is immune from liability for the causes of actions herein by virtue of the Health Care Quality Immunity Act, 42 U.S.C. 11101 et seq. and/or SDCL Chapter 36-4."[6]

Among the reasons for the federal law relied upon by the defense are the national need to restrict the ability of incompetent physicians to move from state to state and to protect physicians

---

[5] Doc. 8, p. 2, ¶ 9.

[6] Doc. 9, p. 8, ¶ 48.

3

engaging in effective professional peer review.[7] Any person on or who participates with a professional review body "shall not be liable in damages . . . ."[8] The physician under scrutiny must be provided " . . . procedures as are fair . . . ."[9] The procedural requirements are not required if "there is no adverse professional review action taken."[10] Further, the failure by a review body to meet these procedural conditions must not "in itself" constitute failure to satisfy the procedural statutory requirements.[11]

If defendants did not take any adverse action against Miller as a result of this patient incident, then there is no need to fulfill the statutory procedural requirements, which in turn means Miller is not entitled to the underlying report prepared by the independent medical records reviewer. But if there was an adverse professional review action taken, then Miller must be provided procedures which are fair, which in turn means she must be provided a copy of the report prepared by the independent medical records reviewer.

In this case, however, that analysis does not completely resolve the issue because defendants allege Miller voluntarily resigned. For Miller to rebut the assertion that she voluntarily resigned, she needs to show the circumstances. If she resigned merely because there was an investigation, so to speak, in the absence of any adverse action by the professional review board, that would be enough to explain her voluntary resignation to a jury. This further analysis brings the issue full circle. If

---

[7] 42 U.S.C. § 11101(2) & (5).

[8] 42 U.S.C. § 11111(a)(1)(A) thru (D).

[9] 42 U.S.C. § 11112(a)(3).

[10] 42 U.S.C. § 1111(c)(1)(A).

[11] 42 U.S.C. § 11112.

4

there was no adverse action by the professional review board, then Miller is not entitled to the underlying report of the independent medical records reviewer. If the defendants reported this patient's incident to the National Practitioner Data Bank, that is an adverse action— in which case Miller is entitled to the underlying report of the independent medical records reviewer under the fair procedures requirement of 42 U.S.C. § 11112(a)(3). Because the defense has asserted the pertinent federal statute; because the federal statute is not inconsistent with the state statute also asserted by the defense; and because the analysis of the federal statute resolves the issues, an analysis of the state statute requirements is not necessary to resolve this discovery dispute.

It is ORDERED:

1. If a report about Dr. Miller's care for this patient[12] was provided to the National Practitioner Data Bank by the defendants or any of them or if there was other adverse action taken by the professional review body as a result of Dr. Miller's care for this patient, then plaintiff's Motion to Produce is GRANTED (Doc. 22), and the defense must provide to the plaintiff the report authored by the independent medical records reviewer. In this event, it is recommended to the district court that the defense should not be allowed to assert plaintiff voluntarily resigned unless this report is furnished to the plaintiff.

2. In the alternative, if a report about Dr. Miller's care for this patient was not provided to the National Practitioner Data Bank by the defendants or any of them and if there was no other adverse action taken by the professional review body as a result of Dr. Miller's care for this patient, plaintiff's Motion to Produce is DENIED (Doc. 22), and the defense does not need to provide the report about Dr. Miller's care for this patient authored by the independent medical records reviewer. Plaintiff is left to her own resources under Rule 45 to subpoena the independent medical records reviewer's report. In this event it is recommended to the district court that the defense should be allowed to assert the plaintiff voluntarily resigned.

---

[12]There should be no question about the identity of the incident to which "this patient" refers. It is the patient on whom the biopsy of the pancreas was performed on December 2, 2010.

3. If a report about Dr. Miller's care for this patient was not provided to the National Practitioner Data Bank by the defendants or any of them and if the parties dispute whether there was other adverse action taken by the professional review body as a result of Dr. Miller's care for this patient, then the parties must notify the undersigned about the nature of the dispute and a briefing schedule will be established to resolve the dispute.

4. Plaintiff's Motion to Compel Discovery (Doc. 21) is DENIED as moot.

Dated June 13, 2013.

BY THE COURT:

*John E. Simko*
John E. Simko
United States Magistrate Judge