FILED
OCT 23 2013

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LINDA A. MILLER, M.D., | \* | CIV. 12-4138 |
| Plaintiff, | \* | |
| | \* | ORDER |
| v. | \* | |
| HURON REGIONAL MEDICAL CENTER, INC.; CY B. HAATVEDT, M.D., as a Member of its Executive Committee and Individually; and MICHAEL N. BECKER, M.D., as a Member of its Executive Committee and Individually, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is the Motion to Intervene by ProAssurance Casualty Company.[1]

## BACKGROUND

The centerpiece for this ongoing dispute is an expert report which neither Miller nor Huron Regional Medical Center (HRMC) has ever read or has ever possessed. The expert report was procured and is possessed by the liability insurer for HRMC, ProAssurance. The liability insurer, ProAssurance, refuses to produce the report. The report was prepared by an unidentified expert selected and paid by ProAssurance who evaluated Miller's treatment of one of her patients.

---

[1] Doc. 51.

On March 29, 2013, Miller filed motions to compel discovery.[2] HRMC resisted the motions.[3]

On June 13, 2013, an Order was filed which in essence ruled that if HRMC wished to use the report or fruits from it during the trial, HRMC would have to produce the expert report. If HRMC did not produce the report, then HRMC should not be allowed to use any evidence at the trial about the treatment of the patient evaluated by the expert.[4] The Order provided that Miller was left to her own resources to serve a subpoena under Rule 45 ". . . if a report about Dr. Miller's care for this patient was not provided to the National Practitioner Data Bank by the defendants or any of them and if there was no other adverse action taken by the professional review body as a result of Dr. Miller's care for this patient . . . ."[5]

On June 20, 2013, Miller served a subpoena on ProAssurance to secure the expert report and related documents.[6] On July 5, ProAssurance objected to the subpoena by sending a letter to Miller's counsel.[7]

HRMC objected to the June 13 Order. On September 4, 2013, the District Court denied the objections, but for a different reason from that upon which the June 13, 2013, Order was

---

[2] Docs. 21 & 22.

[3] Docs. 23-25.

[4] Doc. 31.

[5] Doc. 31, p. 5, item 2.

[6] Doc. 51, ¶ 1.

[7] Doc. 51, ¶ 2.

2

decided.[8] The District Court's Order in essence ruled that the report was in the possession of HRMC because of the close relationship between the insured and the insurer[9] and "ProAssurance was and is in complete control and direction of the defense of HRMC. For all practical purposes it is performing the exact functions and playing the precise role of an actual party to the litigation."[10] The District Court also ordered HRMC to produce the report and any associated records for an *in camera* review "if HRMC/ProAssurance is claiming the report or records are subject to any privilege . . . ."[11]

Neither HRMC nor ProAssurance has produced the report nor have they disclosed their intention about using Miller's care of the patient as evidence at trial; nor have they disclosed whether the report was provided to the National Practitioner Data Bank. Likewise, neither HRMC nor ProAssurance has complied with the District Court's Order to produce the report *in camera* "if HRMC/ProAssurance is claiming the report or records are subject to any privilege . . . ."

On September 19, 2013, ProAssurance filed this motion to intervene ". . . for the limited purpose of addressing and being heard on the issue of the production of its claims file on 'J. \_\_ .'"[12] Neither HRMC nor Miller has responded to the motion to intervene.

---

[8] Doc. 48.

[9] Doc. 48, p. 4.

[10] Doc. 48, p. 5 (quotation marks altered).

[11] Doc. 48, p. 6.

[12] Doc. 51.

3

## DISCUSSION AND DECISION

**Motion to Intervene.**

ProAssurance has moved to intervene pursuant to Federal Rules of Civil Procedure 24 and 45. Rule 24 is applicable to intervention of parties. Rule 45 is applicable to subpoenas. HRMC was previously, conditionally ordered to produce the expert report as a result of different proceedings in this case, i.e. Miller's motions to compel discovery.[13]

It is beside the point that ProAssurance asserts its claims file is at issue. The subjects of Miller's subpoena were not the entire claims file. Rather, Miller subpoenaed only the expert report and documents relating to the expert report.[14] There is certainly more in the claims file than that which is described in the subpoena.

On June 20, one week after this court's opinion was filed on June 13, Miller served her subpoena on ProAssurance.[15] By letter to Miller's counsel dated July 5, ProAssurance's counsel objected to the subpoena.[16] ". . . [N]o further action was taken on the subpoena by Plaintiff."[17] Under Rule 45(c)(2)(B)(i) Miller could have moved the court for an order compelling production of the subpoenaed documents. Miller did not. Under Rule 45(c)(3)(A)(iii) ProAssurance could have moved the court for an order quashing the subpoena. ProAssurance did not. Instead, ProAssurance waited for the district court to rule on HRMC's objections to the June 13 order on

---

[13] Doc. 31 and Doc. 48.

[14] Doc. 52-1, p. 2.

[15] Doc. 52-1, p. 2.

[16] Doc. 52-2.

[17] Doc. 51, ¶ 3.

4

Miller's motion to compel discovery. After the district court denied HRMC's objections, then ProAssurance moved to intervene, asserting it is not a party to this litigation; asserting there is no order directing ProAssurance to furnish the expert report;[18] and asserting HRMC cannot furnish the expert report because the report is not in HRMC's possession.[19] ProAssurance wants to intervene "for the limited purpose of addressing and being heard on the issue of the production of its claims file on J. \_\_."[20]

Miller has abandoned her pursuit of the subpoena. ProAssurance wants to intervene to assert that privileges protect its confidential "claims file."[21] Because Miller has abandoned her pursuit of the subpoena by failing to make a motion to compel under Rule 45(d)(2)(B)(i) and because the implicit remedy sought by ProAssurance now is the same as if ProAssurance had moved to quash the subpoena under Rule 45(d)(3)(A)(iii), it is appropriate to quash the subpoena.

### *In Camera* Review.

"The amended order (Docket 48) required Huron Regional Medical Center to produce to the court, for an *in camera* review, the independent external review report and any associated records."[22] The *in camera* review was referred for consideration along with the motion to

---

[18] Doc. 51, p. 2, ¶8.

[19] Doc. 52, p. 2 ¶ 9.

[20] Doc. 51.

[21] Doc. 51, p. 2, ¶ 10. Again, the entire claims file is not at issue. It is only the documents described in the subpoena which are at issue.

[22] Doc. 56.

5

intervene. HRMC has provided J. \_\_'s medical records and redacted HRMC Medical Executive Committee records. But the independent external review report and other associated records have not been provided to the court. For that reason it has not been possible to conduct an *in camera* review of the independent external review report and associated records.

It is ORDERED that:

1. The subpoena served by Linda A. Miller, M.D. on ProAssurance (Doc. 52-1) is QUASHED.

2. ProAssurance's motion to intervene is DENIED AS MOOT. (Doc. 51).

3. The stay of the Amended Order of September 4, 2013, is lifted because the Motion to Intervene and objections of Intervenor have now been decided.

IT IS FURTHERED ORDERED that the Scheduling Order is amended to include:

1. Not later than December 1, 2013, HRMC must disclose to the court and counsel its intentions about the use of Miller's care of patient J. \_\_ as evidence at trial.[23] By the same date HRMC must advise the court and counsel whether a report about Dr. Miller's care for patient J. \_\_ was provided to the National Practitioner Data Bank or whether there was any adverse action taken by any professional review body as a result of Dr. Miller's care for patient J. \_\_.[24] The disputed expert

---

[23]"Evidence at trial" means all evidence and even if the door is opened by the plaintiff, e.g. direct examination, re-direct examination, cross examination or rebuttal evidence. In other words the defense cannot use the independent expert evaluation, report, or any of its fruits for any purpose under any circumstance at trial if it does not timely disclose the expert report to the plaintiff.

[24]It is observed that Miller's complaint alleges:

34. ... At the time, she was not advised, nor was she aware that HRMC intended to report her voluntarily reduction of privileges to the State of South Dakota Medical Board and the National Practitioner Data Bank ("NPDB").
35. Within one or two days after voluntarily reducing her privileges, Miller was advised by HRMC's administrative staff that the voluntary reduction would be reported to the NPDB. Miller asked if the report had to be made, to which she was advised, affirmatively. ...
36. After the matter was reported to the NPDB . . . .

report must be disclosed to the court for an *in camera* review not later than December 1, 2013, if HRMC intends to use Miller's care of patient J. __ as evidence at trial or if any adverse action was taken by any professional review body as a result of Dr. Miller's care for patient J. __. HRMC must deliver the disputed expert report to Miller's counsel by January 2, 2014, unless the court orders some or all of it not to be disclosed as a result of the *in camera* review.

2. All other terms of the original Scheduling Order filed October 15, 2012 (Doc. 13) and the Amended Scheduling Order (Doc. 50) shall remain the same and in full force and effect.

Dated October 23, 2013.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

7