UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
DEC 20 2013

| | | |
|---|---|---|
| LINDA A. MILLER, M.D., | * | CIV. 12-4138 |
| Plaintiff, | * | |
| | * | ORDER RE MOTION TO RECONSIDER |
| v. | * | (DOC. 67) AND RESOLVING |
| | * | DISCOVERY DISPUTES |
| HURON REGIONAL MEDICAL CENTER, INC.; CY B. HAATVEDT, M.D., as a Member of its Executive Committee and Individually; and MICHAEL N. BECKER, M.D., as a Member of its Executive Committee and Individually, | * | |
| Defendants. | * | |

Pending is the motion by Huron Regional Medical Center (HRMC) to reconsider the Report to Supplement Doc. 59.[1] An Order For Telephonic Hearing To Resolve Discovery Dispute was filed as a result of HRMC's Motion To Reconsider.[2] A telephonic hearing was held on December 17, 2013. Plaintiff Miller was represented by counsel Bradley Gordon and Kenneth Barker. Defendant HRMC was represented by counsel Jon Sogn. ProAssurance, the liability insurance carrier for HRMC was represented by counsel Mary Schott. Defendants Haatvedt and Becker were represented by counsel Jeffrey Bratkiewicz.

---

[1] Doc. 67.

[2] Doc. 70.

## BACKGROUND

The centerpiece for this lengthy discovery dispute about which three court opinions have already been filed is a written medical report evaluating Miller's care of patient J. _____. On December 3, 2013, this court first became aware there is no such written report. The purpose for the hearing on December 17, 2013 was to resolve all disputes about outstanding discovery.

After two court decisions were filed about this dispute,[3] ProAssurance itself first appeared and argued it is the possessor of the disputed documents and it is a third party not involved in the litigation between Miller and HRMC et al, so that it must be afforded its own opportunity to resist Miller's subpoena. ProAssurance is the liability insurer for HRMC. ProAssurance moved to intervene (Doc. 51) so that it could resist Miller's subpoena. Miller did not respond or resist ProAssurance's Motion to Intervene. ProAssurance's Motion to Intervene prompted this court's Order (Doc. 59) denying ProAssurance's motion as moot because the same Order (Doc. 59) quashed Miller's subpoena as abandoned. In essence this court Ordered that the defense could not use Miller's care for patient J. _____ as evidence at the trial if it did not provide the disputed written report to Miller. Miller has now objected to the Order quashing its subpoena.

HRMC first argued to this court it could not produce the written medical report because the written report was not in its possession. Now, in order to support its objection to the district court, HRMC argues it cannot be ordered to produce the written report because the written report doesn't exist.

Various objections to this court's Orders about this discovery dispute are currently pending before the district court (Documents 63, 64, and 73). This opinion is intended to declare a false start and to re-start the race with everyone in their respective lanes at the starting line.

---

[3]Doc. 31 and Doc. 47.

2

## DISCUSSION AND DECISION

Miller argues she is entitled to discover from the claims file of ProAssurance:

1. All correspondence from HRMC to ProAssurance.

2. All correspondence from ProAssurance to HRMC.

3. All correspondence and related documents between ProAssurance and the unidentified medical doctor who reviewed patient J. ____'s medical records to evaluate Miller's care in order to express an opinion about Miller's compliance with the standard of care.

Miller argues these documents should specifically include the evaluating doctor's time line notes and ProAssurance's telephone records or claims representative notes of telephone conversations with the external reviewing doctor.

HRMC, *et al.* argues the typewritten notes of ProAssurance's claims representative are not discoverable because the *results* of the external review are not at issue because Miller voluntarily agreed to reduce her privileges *during the review* before the review was completed. Miller argues she was "forced" (had no other reasonable option?) to reduce her privileges when she did. HRMC intends to offer evidence at trial "that HRMC requested that ProAssurance arrange for an independent external review of the medical records, the medical records were provided by HRMC to ProAssurance for that review, and the external review was pending when Dr. Miller voluntarily reduced her hospital privileges and when certain privileges were restored with restrictions.... Three reports, however, were made by HRMC to the NPDB regarding Dr. Miller."[4] HRMC is willing to add to the evidentiary package at trial that the results of the medical records review were favorable to Miller.

---

[4] Letter from Jon Sogn dated December 2, 2013, p. 2.

ProAssurance argues the "inside work" and "analysis" type of work by the insurance company is protected by the work product doctrine. ProAssurance also argues the external evaluation documents are protected by the peer review privilege. ProAssurance also notes there are three categories of files opened in relation to the treatment of patient J. ____ :

1. a traditional claims file in connection with an actual or potential claim against the hospital;
2. a peer review file regarding the hospital; and
3. a peer review file of Dr. Miller.

Only Dr. Miller's file is at issue.

*Lamar Advertising Of South Dakota, Inc. v. Kay*, 267 F.R.D. 568; 2010 U.S. Dist. LEXIS 36012 (S.D.) is persuasive. The procedure for asserting a privilege is governed by FED. R. CIV. P. 26(b)(5)(A). "The burden is on the party claiming the privilege to state specifically and establish the facts supporting each of the requisite elements of the privilege." *Lamar* at **9.

**Consultant versus Litigation Expert.**

This issue has not been raised directly. The defense has not suggested its external reviewing medical expert is expected to offer opinions under Federal Rules of Evidence 702, 703, or 705. The defense implicitly argues the external reviewing medical expert's oral report and associated documents are not required to be produced pursuant to FED. R. CIV. P. 26(a)(3)(D), i.e. an expert not expected to be called as a witness at trial. Were it not that the person who is the subject of a peer review is entitled to the report produced as a result of the peer review and were it not for the fairness doctrine, both of which are discussed below, the external medical review report and associated documents could perhaps be protected from disclosure under FED. R. CIV. P. 26(a)(3)(D).

**Work Product Doctrine.**

"The work product doctrine excludes from discovery those documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative, to include the other party's attorney or insurer."[5] There has been no showing by the defense that information in ProAssurance's claims file before the lawsuit was commenced on July 25, 2012, was prepared in anticipation of litigation rather than in the ordinary course of ProAssurance's business.

**Attorney Client Privilege.**

For the same reasons the claims file was not protected from discovery in the *Lamar* case by the attorney client privilege, the claims file of ProAssurance is likewise not protected from discovery by the attorney client privilege, i.e. at the time the claims file was assembled there was no client, litigation had not been commenced, and the record does not show that ProAssurance had retained counsel to defend its interests. Also, the defense has neither sufficiently described each document it claims is subject to the attorney client privilege so that the court can determine whether each document is subject to the attorney client privilege nor set forth the facts for each document which establish all elements of the attorney client privilege. Indeed, it does not appear that ProAssurance is in fact claiming any documents are protected by the attorney client privilege.[6]

**Peer Review Privilege.**

SDCL 36-4-26.1 provides the proceedings of peer review committees are confidential and privileged. The statute also provides "the prohibition relating to discovery of evidence does not apply to deny a physician access to or use of information upon which a decision regarding the

---

[5]*Lamar* at **15 citing FED. R. CIV. P. 26(b)(3)(A).

[6]*See* ProAssurance Privilege Log dated December 17, 2013, not on file with Clerk of Court.

5

person's staff privileges or employment was based." Of course, it is plaintiff Dr. Miller's employment and staff privileges that are directly at issue in this litigation.

**Waiver of A Privilege and Fairness Doctrine.**

A privilege can be waived if the party asserting the privilege interposes a claim which puts in issue information otherwise protected by the privilege.[7] Privilege may also be waived when invoked in an unfair way.[8] The fairness doctrine provides ". . . it is unfair to permit a party to make use of privileged information as a sword when it is advantageous for the privilege holder to do so, and then as a shield when the party opponent seeks to use privileged information that might be harmful to the privilege holder."[9]

The defense intends to offer at trial "that HRMC requested that ProAssurance arrange for an independent external review of the medical records, the medical records were provided by HRMC to ProAssurance for that review, and the external review was pending when Dr. Miller voluntarily reduced her hospital privileges and when certain privileges were restored with restrictions. . . . Three reports, however, were made by HRMC to the NPDB regarding Dr. Miller."[10] The defense here, as did *St. Johns* in its case, waived the privilege by placing the subject matter of the privileged information in issue "and then attempting to use the privilege as a shield and dagger at one and the

---

[7]*Sedco International, S.A. v. Carver*, 683 F.2d 1201, 1206 (8th Cir. 1982), *cert denied* 459 U.S. 1017 (1982).

[8]*St. Johns Regional Medical Center v. The Honorable David C. Dally*, 90 S.W.3d 209, 215 (Mo. App. 2002).

[9]*Id.*

[10]Letter from Jon Sogn dated December 2, 2013, pg. 2.

same time."[11] "Due process, which requires a fair trial, is a strong societal interest that mandates the yielding of a privilege. Without finding a waiver here, there is substantial potential that [HRMC's] conduct would result in an unfair trial for [Miller]."[12]

It is ORDERED that the motion to reconsider (Doc. 67) is GRANTED and after reconsideration it is FURTHER ORDERED that not later than January 2, 2014, the defendants must produce to plaintiff:

1. All correspondence from HRMC to ProAssurance dated before July 25, 2012.

2. All correspondence from ProAssurance to HRMC dated before July 25, 2012.

3. All correspondence and related documents between ProAssurance and the unidentified medical doctor who reviewed patient J. ____'s medical records to evaluate Miller's care in order to express an opinion about Miller's compliance with the standard of care. These documents should specifically include time line notes and any other notes prepared by ProAssurance or the evaluating doctor relating to the evaluation of Dr. Miller's care of patient J. ____.

Dated December 20, 2013.

BY THE COURT:

_____
John Simko
United States Magistrate Judge

---

[11] *St. Johns* at *217*.

[12] *St. Johns* at 217 (internal citation omitted; names of parties here inserted in brackets).