UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA A. MILLER, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> HURON REGIONAL MEDICAL CENTER, INC., <br><br> Defendant. | 4:12-CV-04138-KES <br><br> ORDER REVIEWING TAXATION OF COSTS |

On January 26, 2018, the Clerk of Court for the District of South Dakota entered his decision on plaintiff, Dr. Linda Miller's, Bill of Costs. Docket 299. Defendant, Huron Regional Medical Center, Inc. (HRMC), seeks review of the Clerk's Taxation of Costs. Docket 300. Dr. Miller opposes HRMC's motion. Docket 303.

**BACKGROUND**

On May 11, 2017, after a jury trial, the court entered judgment in favor of Dr. Miller and against HRMC on her breach of contract claim and in favor of HRMC on Dr. Miller's defamation claim. Docket 285. Dr. Miller was awarded more than $900,000[1] in compensatory damages on her breach of contract claim. *Id.* On May 18, 2017, Dr. Miller filed a Bill of Costs and Itemization and Documentation of Requested Costs. Docket 286. HRMC objected to Dr. Miller's

---

[1] HRMC filed a Motion for a New Trial or for Remittitur on June 8, 2017. Docket 290. On February 7, 2018, the court denied HRMC's motion. Docket 302.

Bill of Costs. Docket 287. The Clerk of Court determined that "Miller was the prevailing party for the purpose of awarding costs under 28 U.S.C. § 1920." Docket 299. Thus, the Clerk of Court found that costs are taxed in favor of Dr. Miller in the amount of $23,494.80. *Id.* HRMC now seeks review of the Clerk of Court's decision. Docket 300.

## DISCUSSION

A district court reviews the clerk's taxation of costs de novo. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 232-33 (1964). "Unless . . . a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." 10 Charles Alan Wright et. al., *Federal Practice and Procedure* § 2667 (3d ed. 1998). "A party who is only partially successful also can be deemed a prevailing party." *Id.* "In some cases of this type, however, the court will apportion costs among the parties or reduce the size of the prevailing party's award to reflect the partial success." *Id.*

### A.     Dr. Miller was the prevailing party.

HRMC argues that both parties were prevailing parties because Dr. Miller only prevailed on her breach of contract claim, and HRMC successfully defended against Dr. Miller's defamation claim. Docket 301 at 3. HRMC relies on *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279 (8th Cir. 1980), to support its argument. In *Johnson,* the plaintiff alleged discrimination under Title VII, discrimination under the Equal Pay Act, and retaliatory

2

discharge under the Fair Labor Standards Act. *Id.* at 1280. The defendant counterclaimed for money owed. *Id.* The plaintiff prevailed in part on her claim of discrimination under Title VII but did not prevail on her other claims. *Id.* Defendant prevailed on its counterclaim. *Id.* The district court ordered each party to bear its own costs[2] because each had prevailed on a claim, and the Eighth Circuit Court of Appeals agreed. *Id.* at 1282. HRMC also relies on Wright et. al., *Federal Practice and Procedure* § 2667. Section 2667 cites to *ARP Films, Inc. v. Marvel Entertainment Group, Inc.*, 952 F.2d 643 (2d Cir. 1991), as an example where, similar to the decision in *Johnson*, a court found that a plaintiff was not the prevailing party because the plaintiff prevailed on only some of its claims and defendant prevailed on its counterclaim. *Id.* at 651.

HRMC also cites to several cases from other circuits that acknowledged that it is within the district court's discretion to order parties to bear their own costs where there is a mixed judgment. *See Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234-35 (10th Cir. 2001); *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996); *Testa v. Vill. of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996). But those cases do not support HRMC's argument. The court in *Amarel* did not offer an opinion as to which party was the prevailing party. *Amarel*, 102 F.3d at 1523. It remanded that issue to the district court because it acknowledged that its reversal of one of the district court's decisions could change the analysis as to which party was the prevailing party. *Id.* The court in *Testa* found that the

---

[2] It should be noted that in *Johnson*, the parties were entitled to fees under Title VII and not under Fed. R. Civ P. 54(d).

3

district court did not abuse its discretion in deciding that both parties would bear their own costs where, in the Seventh Circuit, the prevailing party is the party "who prevails as to the *substantial* part of the litigation." *Testa*, 89 F.3d at 447 (emphasis in original). And in *Barber*, the court found that the district court erred in finding that the plaintiff was not the sole prevailing party because "the district court entered judgment in [the plaintiff's] favor and remanded the case to the district court for a determination of costs. *Barber*, 254 F.3d at 1234.

Here, HRMC did not prevail on a counterclaim and was ordered to pay over $900,000 in damages to Dr. Miller. Even where a party has only prevailed on some of its claims, it may still be considered the prevailing party. Wright et. al., *Federal Practice and Procedure* § 2667. The court entered a judgment in favor of Dr. Miller, and the Eighth Circuit has never found, as the Seventh Circuit has, that a prevailing party must prevail on a substantial number of its claims. In light of the sizeable judgment awarded to Dr. Miller, the court finds that Dr. Miller is the prevailing party under Fed. R. Civ. P. 54(d)(1).

**B.     Dr. Miller's costs should not be reduced.**

Where a plaintiff has prevailed on some of its claims, but not all of its claims, the court has broad discretion to "apportion costs among the parties or reduce the size of the prevailing party's award to reflect the partial success." Wright et. al., *Federal Practice and Procedure* § 2667. HRMC argues that the court should reduce the costs because Dr. Miller's claims were separate and

4

distinct and the majority of the costs are attributable to Dr. Miller's unsuccessful defamation claim. Docket 301 at 4.

The court disagrees with HRMC's argument that Dr. Miller's claims were separate and distinct. As detailed in this court's Order Denying Defendant's Motion for Remittitur or for New Trial (Docket 302), the court stated:

> Dr. Miller alleged that HRMC forced her to reduce her hospital privileges in violation of the provisions set forth in the Bylaws . . . [and] that the report to the [National Practitioner Data Bank] stating that she voluntarily reduced her privileges—which was filed in violation of the breach of the Bylaws—caused her damages . . . .

*Id.* at 10. Dr. Miller's breach of contract theory was that when HRMC breached its Bylaws it resulted in a report to the National Practitioner Data Bank (NPDB) that caused her damages. Dr. Miller's defamation theory was that the NPDB report was false and that HRMC acted with actual malice in making the report. Thus, the theories were interrelated because they both required evidence of Dr. Miller's performance, HRMC's response to Dr. Miller's performance, why HRMC filed the NPDB report, and whether the report affected Dr. Miller's ability to obtain another job. Dr. Miller's claims, and much of the evidence presented, overlapped and related to each other. Thus, it is a difficult task to itemize and distinguish certain testimony as relating to one claim over the other.

Upon reviewing the testimony, the court finds that much of the evidence and testimony related to both claims. Dr. Huntoon testified at his deposition and at trial about what procedures HRMC was required to perform under the Bylaws and whether those procedures were followed. *See* Docket 286-2. Thus, Dr. Huntoon's testimony was relevant to the breach of contract claim because

5

it discussed what HRMC was required to do under the Bylaws and where it failed follow the procedures in the Bylaws. Carol Cairns and Victoria Lane testified about how the report to the NPDB affected Dr. Miller's ability to obtain employment, so their testimonies were relevant to determine compensatory damages and lost wages. Don Frankenfeld also testified to Dr. Miller's compensatory damages and lost wages. *See generally* Docket 292.

Julie Sheriff offered opinions on Dr. Miller's employability and her efforts to obtain employment after she left HRMC. Docket 210-2 at 6 ("In my opinion, Dr. Miller did not accomplish an adequate search for employment when she decided to relocate from Huron South Dakota to Florida."). Sheriff's testimony directly related to compensatory damages, lost wages, and Dr. Miller's mitigation of her damages regarding both the breach of contract and defamation claims. Allan Adelman offered his expert opinion on whether HRMC violated its Bylaws. Docket 210-4 ("There is nothing that was done by the . . . HRMC administration that contravened any provisions of the Medical Staff Bylaws or the Medical Staff Rules or regulations.").

John Single was the CEO at HRMC at the time the events in this case took place. His testimony covered the Bylaws, the report to the NPDB, and the incidents leading up to Dr. Miller's departure. *See generally* Docket 280. Thus, his testimony was relevant to all aspects of the case and not just to the defamation claim. The court has a limited understanding of what Will Elkner and Dr. James Curry testified to in their depositions because Elkner and Dr. Curry did not testify at trial and their depositions have not been filed with this

6

court. But the court gleans from Dr. Huntoon's expert report (Docket 286-2) that Elkner testified about his position as a liability claims specialist and the process he utilized to have one of Dr. Miller's cases reviewed. *Id.* at 40-41. And Dr. Curry testified about his role as the physician reviewer who reviewed one of Dr. Miller's cases for Elkner. *Id.* at 42-43. Thus, Elkner and Dr. Curry's depositions were relevant to determine whether Dr. Miller was "under investigation" when she surrendered her privileges, which was a critical aspect of Dr. Miller's breach of contract claim.

## CONCLUSION

The court finds that Dr. Miller was the prevailing party under Fed. R. Civ. P. 54(d)(1). After de novo review of the witnesses' deposition testimony and testimony at trial, the court concludes that all of the witnesses identified by HRMC in its motion testified either to aspects of both the defamation and breach of contract claim, or testified to facts relevant to determining compensatory damages for the breach of contract claim. Thus, the court will not exercise its discretion to reduce the costs assessed against HRMC. It is,

ORDERED that HRMC's motion to review taxation of costs (Docket 300) is DENIED.

DATED March 29, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE